IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Joseph Labor, | : | |
| Petitioner | : | Civil Action 2:14-cv-0437 |
| v. | : | Judge Marbley |
| Franklin County Municipal Court, | : | Magistrate Judge Abel |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

Petitioner Joseph Labor, who is incarcerated by immigration authorities on a warrant issued for his removal from the United States, brings this action for a writ of habeas corpus under the provisions of 28 U.S.C. §2254. This matter is before the Magistrate Judge on the Court's own motion. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

The petition alleges that on December 11, 2007 petitioner was convicted in the Franklin County, Ohio Municipal Court of domestic violence and obstructing official business. The petition alleges that he is held in the custody of respondents in violation of the Constitution of the United States in that he was denied that effective assistance of counsel. Specifically, the petition alleges that his court-appointed counsel did not advise Labor, who was a legal resident alien, about the possible immigration consequences if he pleaded no contest to the charges. Further, his lawyer misinformed him that the domestic violence charge would be taken off his record after he completed one year of

probation. Labor was later told that because he was convicted of two charges, the domestic violence charge could not be expunged.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski*, 413 F. 2d 1019 (6th Cir. 1969); *Allen v. Perini*, 424 F. 2d 134, 140 (6th Cir. 1970). It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code §2953.21. *Manning v. Alexander*, 912 F. 2d 878 (6th Cir. 1990). A habeas petition in federal district court containing claims which have not yet been exhausted must be dismissed. *Rose v. Lundy,* 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Pilette v. Foltz,* 824 F. 2d 494 (6th Cir. 1987).

The petition states that Labor did not appeal his conviction, and he has never filed a postconviction petition alleging he was denied the effective assistance of counsel; consequently, he has not exhausted his Ohio court remedies.

WHEREUPON, the Magistrate Judge RECOMMENDS that the petition be dismissed because petitioner has failed to exhaust his Ohio court remedies.

If any party objects to this Order, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Order and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B)l; Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Order will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

Copies of the petition and this Order shall be mailed to the Attorney General of Ohio, Corrections Litigation Section, 150 E. Gay St., 16th Floor, Columbus, OH 43215.

s/Mark R. Abel
United States Magistrate Judge