IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH LABOR,

    Petitioner,

v.

FRANKLIN COUNTY
MUNICIPAL COURT,

    Respondent.

CASE NO. 2:14-CV-0437
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On May 14, 2014, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section § 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed a *Motion for Reconsideration*, Doc. No. 5, or *Objection t*o the Magistrate Judge's *Report and Recommendation* in which he requests a stay of proceedings pending exhaustion of state remedies. For the reasons that follow, Petitioner's *Objection*, Doc. No. 5, is **OVERRULED.** His request for a stay of proceedings is **DENIED.** This action is hereby **DISMISSED**.

According to the *Petition*, Petitioner challenges his December 11, 2007, convictions in the Franklin County Municipal Court on domestic violence and obstructing official business. He asserts that he was denied effective assistance of counsel because his attorney failed to advise him regarding possible immigration consequences that may result from his no contest plea and improperly advised him that the domestic violence charge would be removed from his record after he completed one year of probation. Petitioner indicates that he has never pursued any state court remedy on these claims. In other words, he has never presented these claims of ineffective

1

assistance of counsel to any state court. As a consequence, the Magistrate Judge recommended dismissal of this action.

Petitioner notes that any future federal habeas corpus petition will be barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).[1] He states that his lack of resources as a *pro se* incarcerated prisoner and financial status have prohibited him, to date, from pursuing his

---

[1] 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

claims. He seeks a stay of these proceedings so that he can return to the state courts to exhaust his claims and thereafter pursue federal habeas corpus relief.

Where the statute of limitations for the filing of § 2254 petitions may prevent a petitioner from returning to federal court upon his exhaustion of state court remedies, the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), held that a stay of proceedings pending exhaustion may be appropriate in certain limited circumstances. Here, however, Petitioner challenges his December 11, 2007, convictions. The statute of limitations already has long since expired. Further, Petitioner has raised no grounds that would warrant equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. ––––, 130 S.Ct. 2549, 256 (2010) (statute of limitations may be equitably where the petitioner is diligent in pursuing his rights and some extraordinary circumstance prevented his timely filing). Petitioner's *pro se* status, limited access to the prison's law library and lack of legal knowledge do not constitute grounds to equitably toll the running of the statute of limitations. *Hall v. Warden, Lebanon Correctional Inst.,* 662 F.3d 745, 751 (6th Cir.2011) (citation omitted)(These conditions are typical of most habeas corpus petitioners and do not constitute an extraordinary circumstance beyond the Petitioner's control); *Lowe v. State,* No. 2:120CV–142, 2013 WL 950940, at *7 (S.D. Ohio March 12, 2013) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir.2004)). Further, nothing in the record indicates that Petitioner's limited access to the prison's law library or legal materials prevented him from filing his Petition for the length of time at issue here. The record fails to reflect Petitioner's diligence in pursuing his claims. He challenges convictions from 2007. He failed to pursue any relief in the state courts, and did not file the instant habeas corpus petition until May 2014, more than six years later. Although a petitioner's actual innocence may justify equitable tolling of the statute of limitations, *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005*); see*

*also McQuiggin v. Perkins,* ––– U.S. ––––, 133 S.Ct. 1924, 1932–33 (2013), Petitioner does not allege, and the record does not indicate, that he is actually innocent of the charges against him so as to justify review of his otherwise time-barred claims.

Petitioner's *Objection*, Doc. No. 5, is **OVERRULED.** His request for a stay of proceedings is **DENIED.** This action is hereby **DISMISSED**.

DATED: May 30, 2014

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge